# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21117-CIV-SEITZ/SIMONTON

MONICA ROSELL,

    Plaintiff,

v.

AREA PERFORMANCE, INC.,
d/b/a AREA STAGE COMPANY,
a Florida corporation, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS MATTER came before the Court upon Defendants' Motion to Dismiss the Complaint [DE 12]. Plaintiff claims that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay her minimum wage for work she performed for them as a Director and Assistant Director of productions for the Defendants' theater company, Area Performance, Inc. Defendants move to dismiss the Complaint asserting that Plaintiff's former employer, Area Performance, Inc., is a nonprofit corporation and employees of nonprofits are not subject to the FLSA. The Court will deny Defendants' motion because although Plaintiff has alleged that Area Performance, Inc. is a nonprofit, Plaintiff has sufficiently pled Area Performance Inc.'s connection to interstate commerce and, as such, has stated a claim under the FLSA.

1

# I. BACKGROUND[1]

This dispute arises out of Plaintiff's claim that she was not paid minimum wage as required by the FLSA. From September 20, 2011 through December 23, 2011, Plaintiff worked for Defendant Area Performance Gallery, Inc, a nonprofit corporation, as the Director for the production "Jungle Book" and as Assistant Director for the production "Avenue Q." Plaintiff's job responsibilities included attending rehearsals to ensure actors warmed up vocally and physically, keeping track of Director's notes to ensure tasks were successfully completed, attending production meetings with the Director and Musical Director, overseeing the Stage Manager and backstage crew, purchasing props for actors' use during the show, arriving two hours before the show to ensure actors had arrived and were warmed up vocally and physically, assisting actors with costumes and make-up, conducting sound checks, and ensuring that all props and costumes were put away in good condition following each show. Plaintiff maintains that she worked an average of twenty three hours per week and was paid a total of $800.00 or $2.90 per hour. Plaintiff asserts that Defendant should have paid her the minimum wage of $7.25 per hour and, as such, she is owed $1,200.65 plus liquidated damages.

Defendants moved to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6), on the ground that Plaintiff's former employer, Area Performance, Inc., is a nonprofit corporation and employees of nonprofits are not subject to the FLSA. Plaintiff opposes the motion and contends that nonprofit organizations must comply with the FLSA if they engage in ordinary commercial activities and that Plaintiff has sufficiently pled an FLSA claim to survive a motion to dismiss.

---

[1]Unless otherwise noted, the factual background is derived from Plaintiff's Complaint [DE 1] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

## II. DISCUSSION

### *A. Legal Standard*

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To establish subject matter jurisdiction over an FLSA claim, the plaintiff must establish a connection to interstate commerce. *Thorne v. All Restoration Svcs., Inc.*, 448 F. 3d 1264, 1265-66 (11th Cir. 2006). This may be accomplished by either showing that the plaintiff individually engaged in interstate commerce or by demonstrating that the defendant is an enterprise engaged in commerce or the production of goods in commerce and has annual gross volume of sales or business of not less than $500,000. 29 U.S.C. § 206(a)(1); 29 U.S.C. § 203(r)(1). However, "determining the existence of individual or enterprise coverage implicates both the Court's jurisdiction and a requisite element of Plaintiff's FLSA claim." *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *1 (S.D. Fla. June 22, 2011) (citations and quotations omitted). "[W]hen 'the facts necessary to sustain jurisdiction . . . implicate the plaintiff's cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under Rule 12(b)(6)." *Id.* (quoting *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir. 1997)).

A Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted" tests the sufficiency of the allegations in the complaint. FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, the Court accepts the well-pleaded factual allegations as true and construes them in the light most favorable to the Plaintiff. *Speaker v. U.S. Dept. of Health and Human Serv.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, a "complaint must contain

3

sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (*citing Twombly*, 550 U.S. at 555).

### *B. Defendants' Motion to Dismiss*

Defendants' assertion that Plaintiff's former employer, Area Performance, Inc., is a nonprofit corporation and employees of non-profits are not subject to the FLSA, is an incorrect statement of the law. "The FLSA is intended to regulate all business, for-profit and non-profit alike." *Gonzalez*, 2011 WL 2983671, at *2, fn. 3. In fact, the U.S. Supreme Court has held that the FLSA "contains no express or implied exception for commercial activities conducted by religious or other nonprofit organizations and the agency charged with enforcement has consistently interpreted the statute to reach such businesses." *Tony and Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290, 296 (1985). However, entities, including nonprofits, that neither "engage in ordinary commercial activities" nor "serve the general public in competition with ordinary commercial enterprises" are not enterprises and, as such, are not covered by the FLSA. *Id.* at 297, 299 (citations omitted). As such, the proper inquiry is not whether an entity is for profit or nonprofit, but rather to assess the entity's commercial activities and their connection to interstate commerce. Because the facts necessary to determine whether this Court has subject matter jurisdiction are the same as those required to ascertain whether Plaintiff has stated a claim, the Court assumes it has subject matter

4

jurisdiction and moves on to assess whether Plaintiff has adequately pled her FLSA claim, with respect to the connection to interstate commerce. *Garcia*, 104 F.3d at 1261.

Plaintiff may sufficiently allege a connection to interstate commerce by showing that the Defendant is an enterprise engaged in commerce or the production of goods in commerce. 29 U.S.C. § 206(a)(1). The FLSA defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units . . . but shall not include independent contractors." 29 U.S.C. § 203(r)(1). An enterprise is engaged in commerce if it has employees engaged in commerce or in the production of goods for commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Additionally, the enterprise must have annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A).[2]

Here, Plaintiff has pled that:

> The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operated as an organization which sells and/or markets and/or handles its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states and the Employer obtains

---

[2] Plaintiff may also plead a connection to interstate commerce by showing individual coverage, specifically that she was engaged in commerce or engaged in the production of goods for commerce. 29 U.S.C. 206 (a)(1). An employee is engaged in commerce if the employee "directly participates in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g. transportation or communication industry employees; or (ii) by regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266. Here, Plaintiff has not alleged interstate coverage as she has pled only that she worked in interstate commerce, [DE 1 at ¶ 7], and has delineated job duties that do not demonstrate use of the instrumentalities of interstate commerce. [*Id.* at ¶ 15].

5

and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfy the FLSA requirements. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. 203(r) and 203(s) and/or Plaintiff are within interstate commerce. [DE 1 at ¶¶ 6, 7, 8, 9].

Plaintiff's allegations sufficiently allege that Defendant is an enterprise engaged in interstate commerce. While the allegations are not a model of fact-intensive pleading, they are more than formulaic assertions, although just barely.[3] Plaintiff has pled that Defendant operated as an organization which sells and/or markets and/or handles its services and/or goods to customers from throughout the United States. Plaintiff has also pled that Defendant provides its services for goods sold and transported from across state lines of numerous other states and that Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside the State of Florida. These allegations are factual in nature and are distinct from the conclusory, formulaic assertions that fail to adequately allege that an enterprise is engaged in interstate commerce. *See e.g. Perez v. Muab, Inc.*, 2011 U.S. Dist. LEXIS 22275, at *8 (S.D. Fla. March 7, 2011) (allegation that during plaintiff's employment, defendant "was engaged in commerce or in the production of goods for commerce" fails to sufficiently allege coverage under the FLSA); *Bailey v. Cooper*, 2011 U.S.

---

[3]However, Plaintiff must be mindful that in order to prevail either at the summary judgment stage or at trial, she will have to present evidence, not just allegations, to satisfy the jurisdictional requirement. Additionally, it is noteworthy that although Plaintiff seeks to recover $1,200.65 plus liquidated damages in this lawsuit, the parties have already engaged in substantial motion practice, upon Defendant's initiation. Specifically, Defendant has filed both the motion to dismiss that is the subject of the instant order and a motion for attorneys' fees and costs [DE 16]. The parties are reminded that pursuant to Fed. R.Civ. P. 1, the goal is to ensure a just, speedy, and inexpensive determination of every case.

6

Dist. LEXIS 20586, at *4-*5 (S.D. Fla. March 2, 2011) (allegations that defendant was "an enterprise engaged in an industry affecting commerce" and "employ[ed] employees engaged in commerce" are too bare-bones because plaintiff did not describe how the business engaged in commerce); (*Rushton v. Eye Consultants of Bonita Springs*, 2011 U.S. Dist. LEXIS 70657, at *4 (M.D. Fla. June 30, 2011) (finding allegation that defendant is an "enterprise engaged in commerce and engaged in the production of goods for commerce" insufficient to allege interstate connection). Moreover, Plaintiff pled that Defendant's annual gross revenue was in excess of $500,000 per year. [DE 1 at ¶ 7]. This is sufficient at the pleading stage to satisfy the statutory requirement set forth in 29 U.S.C. § 203(s)(1)(A) (ii). *Lussi v. Design-Build & Engineering*, 2010 U.S. Dist. LEXIS 38780, at *7 (S.D. Fla. April 20, 2010) (finding revenue allegation sufficient because the relevant information to support this claim will most often be in defendant's hands). Thus, Plaintiff has stated a claim under the FLSA by adequately alleging, at the pleading stage, Area Performance, Inc.'s commercial activities and connection to interstate commerce.

### III. CONCLUSION

For the reasons set forth above, Plaintiff has adequately alleged her FLSA claim. Accordingly, upon review, it is

ORDERED THAT

Defendants' Motion to Dismiss [DE 12] is DENIED.

DONE AND ORDERED in Miami, Florida, this 6th day of June, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All counsel of record